McKinney, J.,.
delivered the opinion of the Court.
This was an action of debt. The defendant was brought in by the service of an alias summons. At the return term the defendant appeared, and moved the Court to enter a discontinuance of the plaintiff Is action on the ground of a chasm in the proceedings, by fail *382 ing to continue the process regularly from term to term, until service on the defendant. The Court sustained the motion, and ordered the suit to be dismissed. And in this, it is alleged, there is error.
It appears from the record, that the original summons issued on the 23d of December, 1857, returnable to the February Term, 1858, of the Circuit Court cf Overton, and was returned to said term, “not found.” At the June Term, 1858, an alias summons was, by order of the Court, awarded; which was issued, and returned executed to the September Term, 1858.
It is clear that the neglect of the plaintiff to continue the process from the February; to the June Term of the Court, was a discontinuance. The fact that the alias summons was awarded by an express order of the Court avails the plaintiff nothing. The discontinuance was complete before this order was made; therefore the Court had no power to make such order, and it must be treated as a mere nullity.
Under our practice, no exception can be taken to the mode by which the question of discontinuance was raised and disposed of. By express legislative enactment, the “process” forms part of the record of the cause. And this being so, a motion was the proper form of proceeding to present the question of discontinuance. It was not necessary, nor would it have been a proper practice, to present, by plea, a matter which fully and distinctly appeared to the Court from the face of the record. See 7 Hum., 66.
There is no error in the judgment, and it will be affirmed.